IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jimmy Gallishaw, Jr., | ) | C/A No. 9:18-cv-03253-SAL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Warden of Lee Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(c) and (e) (D.S.C.) (the "Report").

**PROCEDURAL BACKGROUND**

Petitioner Jimmy Gallishaw, Jr. ("Petitioner") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. [ECF No. 1.] On April 10, 2019, Respondent Warden of Lee Correctional Institution ("Respondent") filed a return with a memorandum of law in support, ECF No. 28, and a motion for summary judgment, ECF No. 29. On April 12, 2019, by order filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [ECF No. 33]. Petitioner filed his response on May 13, 2019. [ECF No. 36.] Respondent replied on May 20, 2019. [ECF No. 37.]

On August 9, 2019, the Magistrate Judge issued a thorough Report, opining that this court should grant Respondent's motion for summary judgment and dismiss the petition. [ECF No. 39.] The Report sets forth in detail the relevant facts and standards of law on this matter, and this court

incorporates those facts and standards without a recitation. Attached to the Report was the notice of right to file objections. *Id.* Petitioner filed objections on September 25, 2019. [ECF No. 45.] In accordance with an order of this court, Respondent replied on December 12, 2019. [ECF Nos. 46, 49.] Thus, the matter is ripe for review by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct

the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

3

## DISCUSSION

Petitioner asserts three grounds for relief:

> **GROUND ONE:** Ineffective Assistance of Counsel (Trial Counsel)
>
> **Supporting Grounds:** Trial lawyer was overloaded with cases in 2009 and 2010 and had not enough time to fully prepare for trial. After having her present a motion to have her relieved, I was forced to continue with a lawyer who already thought I was guilty. She/He failed to use original testimony to show conflict with trial testimony. She/He failed to present proper DNA. He/she allowed a witness to be classified as an expert which allowed her testimony to sway the jury once admitting "She believe the victim."
>
> **GROUND TWO:** Court calls it "Harmless Error."
>
> **Supporting Grounds:** Dana Collins (forensic interviewer) fabricated a story and attached it to my name. Ms. Collins took a statement from a pervious event with the victim's cousin, removed his name and replaced it with my name. Is this really a Harmless Err. [Petitioner's] wife gave an original statement denying all allegations but after being threatened with jail and losing the children she became a state's witness, in which she testified as an eye witness of an event but victim stated on stand that was a lie. [Petitioner] feels victim and wife [were] coached and [sic] [prept] but one of them (victim) told the truth on stand.
>
> **GROUND THREE:** False Arrest by Patricia Ray.
>
> **Supporting Grounds:** Ofc. Patricia Ray said she arrested me at my house on February 4, 2009. Transcript, p.74; clearly stated by my Lawyer and Ms. Ray that I was not cuffed therefore I was not in custody and I rode in the front seat of Ms/Ofc Ray's car. She stated I didn't think he was a threat. When in fact I talked with her outside of my home and she asked me would I be willing to come down to the Detention Center and make a statement. I was not arrested or in custody so there was no need for cuffs and backseat!

[*See* ECF No. 1 (errors in original).] The Report opines that Petitioner's arguments in Ground One that trial counsel failed to present proper DNA evidence and allowed a witness to be classified as an expert are procedurally barred. Further, the Report opines that Grounds Two and Three are also procedurally barred because they were not raised in the direct appeal or the PCR proceedings. The Report further finds that Petitioner has not shown the necessary "cause" to overcome the

4

procedural bar with respect to these claims. As to the two portions of Ground One that are not procedurally barred, the Report found that Petitioner has not shown that the state court's findings were unreasonable. Petitioner's objections are discussed, in turn, below.

Petitioner's first objection is to the Report's finding that two parts of Ground One and Grounds Two and Three are procedurally barred. Essentially, he argues that the claims should not be considered procedurally defaulted because he was represented by attorneys in both his direct appeal and his PCR proceedings and those attorneys were "State Appointed Adversar[ies]" and, therefore, were ineffective. [ECF No. 45 at p.1.] Thus, Petitioner seems to claim that *Martinez v. Ryan*, 566 U.S. 1 (2012) is applicable to excuse the procedural default. The court disagrees.

In *Coleman v. Thompson*, 501 U.S. 722, 757 (1991), the Supreme Court held that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel cannot establish "cause" to excuse the procedural default. Thereafter, the Supreme Court established a limited exception to this rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). To establish "cause" under *Martinez*, a party must demonstrate (1) that his counsel in the initial-review collateral proceeding (PCR counsel) was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984) and (2) that the underlying claim for ineffective assistance of counsel is "a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 14. The court has reviewed the record before it, as well as the objection of Petitioner, and is unable to conclude that Petitioner has shown either that his PCR counsel was ineffective under *Strickland* or that the underlying ineffective assistance of counsel claim is a substantial one.

As outlined in the Report, this court agrees that there is no evidence in the record to show that Petitioner's counsel was ineffective with respect to the lack of DNA evidence or the qualification

5

of the State's witness as an expert. Petitioner's trial counsel highlighted the lack of DNA Evidence in an effort to create doubt as to Petitioner's guilt. In his objection, Petitioner acknowledges as much, noting "you can't present what you don't have." [ECF No. 45 at p.2.] Thus, the court is unable to find that Petitioner has shown a substantial issue with respect to his underlying ineffective assistance of counsel claim on the DNA evidence. Moreover, as to the expert qualification issue, the record reflects that Petitioner's trial counsel objected to the qualification of the State's witness as an expert, which resulted in an *in camera* hearing on the issue. Ultimately the trial judge ruled the expert as qualified and allowed her to testify. Petitioner's objection does not set forth any additional information to allow this court to conclude that the underlying ineffective assistance of counsel claim is a substantial one.

Petitioner's second and third objections seem to be related and, accordingly, will be addressed together. *Id.* at pp.5–10. Petitioner seems to contend that the trial court did not have subject matter jurisdiction over the case because he was tried in July 2010 and there was "no General Sessions Court held in the month of July." *Id.* at p.5. Further, he contends that he discovered that S.C. Code Ann. § 16-15-40 does not display the seal of South Carolina and, therefore, the charges against him were unconstitutional. Both objections are unavailing. "It is black letter law that a federal court may grant habeas relief 'only on the ground that [the petitioner] is in custody in violation of the Constitution or law or treaties of the United States.'" *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998) (citing 28 U.S.C. § 2254(a)). Because both objections rest solely on interpretation of South Carolina statutes, they are "simply not cognizable on federal habeas review." *Id.* Further, even if this court could consider the state law matters, Petitioner failed to present either issue to the state's highest court as required by 28 U.S.C. § 2254(b)(1). The

arguments would be procedurally impossible to raise at this juncture. Having failed to show sufficient evidence to excuse the default, the objections necessarily fail.

Finally, Petitioner captions his objections "Response to Report and Recommendation – with – 'Permission to Amend.'" [ECF No. 45 at p.1.] In accordance with Rule 15(a), a party may amend its pleading once as a matter of course within a limited period of time. Fed. R. Civ. P. 15(a)(1); Fed. R. Civ. P. 81(a)(4) (noting rules apply to habeas proceedings); Rule 12, *Rules Governing Section 2254 Cases in the United States District Courts* (federal rules apply to the extent they are not inconsistent with statute or 2254 rules); 28 U.S.C. § 2242 (a habeas petition "may be amended or supplemented as provided in the rules of civil procedural applicable to civil actions"). In all other instances, a party may only amend its pleading with written consent of the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(2). Respondent does not consent to the proposed amendment, ECF No. 49 at p.5, and this court declines to grant leave.

Petitioner fails to identify the additional grounds he seeks to add to the petition. Presumably, he seeks to add the arguments raised in objections 2 and 3, discussed above. As previously noted, state law matters are not cognizable on federal habeas review. And, for this reason alone, the proposed amendment would be futile. In addition, the court finds that an amendment would be untimely and would not relate back to the filing of the original petition. Rule 15(c)(2) on relation back is interpreted narrowly in the context of habeas petitions. *See Mayle v. Felix*, 545 U.S. 644 (2005). To relate back, the new arguments must share a "common core of operative facts." *Id.* at 647. The court is unable to conclude that Petitioner's state constitutional arguments relate back to the three grounds raised in the Petition. Thus, the new claims are time barred and the proposed amendment is denied as futile. *See Pinckney v. McCall*, No. 1:11-cv-3466, 2012 WL 7801979 (D.S.C. Sept. 18, 2012).

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 39] is accepted, adopted in its entirety, and is incorporated herein. Therefore, it is the judgment of this court that Respondent's motion for summary judgment [ECF No. 29] is **GRANTED** in its **ENTIRETY**, and the petition [ECF No. 1] is **DISMISSED** with prejudice and without an evidentiary hearing. Any remaining motions are **MOOT**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

March 24, 2020
Florence, South Carolina

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."